PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2006 Chevrolet FIHR struck a hole as claimant Carol White was driving on Stewartstown Road, designated as County Route 67, in Morgantown, Monongalia County. County Route 67 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:30 a.m. on June 26,2009. Ms. White testified that she was driving on County Route 67 when claimants’ vehicle struck a hole on the road’s white edge line. The hole was between six and eight feet long and was approximately twelve inches deep. Ms. White could not recall whether oncoming traffic forced her to drive onto the white edge line. She stated that she traveled this road frequently and had avoided this hazard on prior occasions. As a result of this incident, claimants’ vehicle sustained damage to its rear passenger side tire and rim in the amount of $432.68. Claimants’ insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 67. Kathy Westbrook, Highway Administrator for respondent, testified that she is responsible for overseeing the maintenance of the roads in Monongalia County. Ms. Westbrook stated that County Route 67 is a secondary road in terms of its maintenance. It has an average daily traffic count of5,900 vehicles. According to Ms. Westbrook, water washed away the edge of the road at this location. She testified that the ditch needs to be maintained and a small shoulder needs to be placed in this area. She stated that respondent did *85 not receive complaints regarding the condition of the road prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. Since the edge of the road was in disrepair, the Court finds respondent negligent. Notwithstanding the negligence of respondent, the Court is further of the opinion that Ms. White was also negligent in her operation of the vehicle. Ms. White was driving on the white edge line instead of the main travel portion of the road where previously she had driven to avoid this hazard. Further, she could not recall whether oncoming traffic forced her to drive on the edge of the road. In West Virginia, the negligence of a claimant can reduce or bar recovery. The Court finds that claimant’s negligence equals twenty-percent (20%) of their loss. Thus, claimants therefore, may recover eighty-percent (80%) of the loss sustained in the amount of $346.15.
It is the opinion of the Court of Claims that the claimants should be awarded the sum of $346.15.
Award of $346.15.